FRANK RIOS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (United Parcel Service *et al.*, Appellees).

First District (Illinois Workers' Compensation Commission Division)
No. 1—04—3352WC

Opinion filed September 30, 2005.—Rehearing denied November 10, 2005.

Corti, Freeman & Aleksy, of Chicago, for appellant.

Meachum, Spahr & Postel, of Chicago, for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On November 18, 1998, claimant, Frank Rios, injured his back while working for United Parcel Service (employer) and sought compensation under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2000)). The Illinois Industrial Commission (Commission)[1] awarded claimant wage differential benefits in the amount of $363.33 per week pursuant to section 8(d)(1) of the Act. On November 6, 2003, claimant filed a motion before the Commission, seeking an order directing employer "and/or Liberty Mutual Insurance Company to deposit a sum of money, as calculated under section 24 [of the Act], to ensure compliance with the decision of the *** Commission thereafter consistent with the Act." Although claimant acknowledged that he had been compensated, "albeit on an erratic basis," he expressed "fear[ ]" that "[b]ased on the current state of the economy, the past history in recent times of bankruptcies and failures of insurance companies," employer, "and/or Liberty Mutual Insurance Company," may not continue to pay claimant his compensation.

On April 21, 2004, the Commission denied claimant's motion. The Commission found that claimant failed to provide facts which would lead to the belief that claimant's benefits are in danger of being discontinued. The Commission stated:

"[Employer] affirmed their financial soundness, and it was indicated that Liberty Mutual Insurance [Company] was a consistent contributor to the Illinois Insurance Guarantee Fund. Thus, if it were to become insolvent, [claimant] would be protected. [Claimant] did not dispute this assertion."

As there was no allegation "of financial difficulty," the Commission found there was no basis "to warrant a remedy under [s]ection 24."

On October 19, 2004, the Cook County circuit court affirmed the Commission's order. The court found that (1) "the mandatory language of [s]ection 24 is directed to the [e]mployer, not the Commission," and (2) "[claimant] failed to make a prima facie case in respect to the financial condition of the employer."

---

[1]Now known as the Illinois Workers' Compensation Commission. See Pub. Act 93—721, eff. January 1, 2005.

On appeal to this court, claimant contends that the Commission improperly denied his motion. Specifically, claimant argues that section 24 of the Act mandates that the Commission enter an order pursuant to the section, upon request of a claimant, and that the Commission has no discretion to deny a claimant's motion. The Commission, and the circuit court, rejected claimant's argument.

The issue currently before us involves a matter of statutory construction. Accordingly, our review is *de novo*, and we are guided by familiar principles. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232, 756 N.E.2d 822, 827 (2001). Our primary goal is to ascertain and give effect to the intention of the legislature. *Sylvester*, 197 Ill. 2d at 232, 756 N.E.2d at 827. We determine this intent by reading the statute as a whole and considering all relevant parts. *Sylvester*, 197 Ill. 2d at 232, 756 N.E.2d at 827. "We must construe the statute so that each word, clause, and sentence, if possible, is given a reasonable meaning and not rendered superfluous [citation], avoiding an interpretation which would render any portion of the statute meaningless or void." *Sylvester*, 197 Ill. 2d at 232, 756 N.E.2d at 827. We also presume that the General Assembly did not intend absurdity, inconvenience, or injustice. *Sylvester*, 197 Ill. 2d at 232, 756 N.E.2d at 827.

■ Section 24 provides:

"Any employer against whom liability may exist for compensation under this Act shall upon the order and direction of the Commission:

(a) Deposit the commuted value of the total unpaid compensation for which such liability exists, computed at 3% per annum in the same manner as provided in Section 9, with the State Treasurer, or county treasurer in the county where the accident happened, or with any savings and loan association or State or national bank or trust company doing business in this State. Any such depositary to which such compensation may be paid, shall pay the same out in installments as in this Act provided, unless such sum is ordered paid in, and is commuted to a lump sum payment in accordance with the provisions of this Act; or

(b) Purchase an annuity, in an amount of compensation due or computed, under this Act within the limitation provided by law in any insurance company granting annuities and licensed or permitted to do business in this State which may be designated by the employer or the Commission." 820 ILCS 305/24 (West 2002).

■ Claimant contends that the word "shall" mandates that the Commission enter an order pursuant to the section, upon the request of a claimant, and that the Commission has no discretion to deny a claimant's motion. Claimant misreads the statute. First, section 24

does not reference an employee. The term "shall" refers to "employer." Section 24 does not mandate that the Commission "shall" enter an order but mandates that an employer "shall" comply "upon the order and direction of the Commission." Additionally, because it was within the Commission's discretion to enter an order pursuant to section 24 of the Act, the Commission properly considered the "financial soundness" of employer and its workers' compensation insurance provider in determining whether to dismiss claimant's motion. The Commission did not abuse its discretion.

We affirm the circuit court's order confirming the Commission's decision.

Affirmed.

HOFFMAN, CALLUM, HOLDRIDGE, and GOLDENHERSH, JJ., concur.